UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. SOLAR; ROBERT J. PARKS; and ROBERT K. EDMUNDS,<br><br>    Plaintiffs,<br><br>v.<br><br>BUCHANAN INGERSOLL & ROONEY, P.C.; BUCHANAN INGERSOLL & ROONEY, LLP; and DOES 2 THROUGH 50,<br><br>    Defendants. | Case No.: 17cv1846-JAH (AGS)<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS, STAY OR TRANSFER [DOC. NOS. 6, 7, 8]** |

## **INTRODUCTION**

Pending before the Court is Plaintiffs Keith R. Solar, Robert J. Parks and Robert K. Edmunds' motion to remand, pursuant to 28 U.S. Code § 1447 (Doc. No. 4) and Defendants' Buchanan Ingersoll & Rooney P.C. ("BIR PC") and Buchanan Ingersoll & Rooney, LLP's ("BIR LLP") motions to dismiss pursuant to Rule 12(b)(6), stay or transfer. Doc. Nos. 6, 7. The motion to remand and the motions to dismiss have been fully briefed. After a careful review of the pleadings and for the reasons set forth below, Plaintiffs' motion to remand is **GRANTED** and Defendants' motions are **DENIED AS MOOT**.

1

## BACKGROUND

The instant action arises from Plaintiffs' allegation that Defendants failed to pay unused vacation time in violation of Labor Code Sections 227.3, 201, 202 and/or 203. On August 23, 2017 BIR PC filed an action [case No. 2:17-cv-01113-DSC] for declaratory judgment in the United States District Court for the Western District of Pennsylvania to determine whether it had an obligation to payout accrued paid time-off under employment agreements between itself and Plaintiffs[1]. On August 25, 2017, Plaintiffs filed a complaint in the Superior Court of the State of California, County of San Diego, entitled Keith R. Solar, Robert J. Parks, and Robert K. Edmunds v. BIR PC; and Does 1-50, Case Number 37-2017-00031717-CU-OE-CTL. Doc 1-2, Exhibit A. Plaintiffs' two-count Complaint asserts claims solely against Defendant BIR PC. Plaintiffs served BIR PC with the Complaint on August 29, 2017. Doc. No. 1-2, Exhibit B.

On September 7, 2017, Plaintiffs filed Form SDSC CIV-012, titled "Amendment to Complaint" (Doc. No. 1-2, Exhibit C), declaring discovery of the true name of "Doe 1" and inserting BIR LLP in place of Doe 1, without amending the contents of the complaint. Plaintiffs served Defendants with the Amendment on September 8, 2017. Doc. No. 1-2, Exhibit D. No other pleadings, process, or orders related to this case have been filed in the San Diego Superior Court or served on any defendant.

On September 12, 2017, Defendants filed a notice of removal in accordance with 28 U.S.C. § 1446(b). Defendants each filed a Motion to Dismiss. Doc. Nos. 6 and 7. Plaintiffs filed a motion to remand on September 29, 2017. Doc. No. 8. All motions have been fully briefed and are now before the Court.

---

[1] The Western District of Pennsylvania issued a Memorandum Order on November 20, 2017, of which this Court takes judicial notice pursuant to Federal Rule of Evidence 201, finding that the "case is not governed by federal law and there are no federal interests at issue." Accordingly the District court dismissed the matter "without prejudice to the parties' right to fully litigate these matters in a state forum" and declined jurisdiction.

# DISCUSSION

## I. Legal Standard

The federal court is one of limited jurisdiction. Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

It is a long-standing rule that jurisdiction in a diversity case is determined at the time of removal. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). The removal statute, 28 U.S.C. §1441 allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§ 1331, 1332(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Title 28 U.S.C. § 1332, the diversity jurisdiction statute, provides: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. §1332(c)(1). Thus, for an action to be removed on the basis of diversity jurisdiction in an action where there is a corporate defendant, the principal place of business as well as the state of incorporation must be diverse from the plaintiff.

3

## II. Analysis

### A. Motion to Remand for Lack of Subject Matter Jurisdiction

Plaintiffs move to remand this action to state court for lack of complete diversity. Complete diversity exists when the parties are residents of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §1332(a).[2] Here, all Plaintiffs are residents of California. BIR PC is incorporated and has its principle place of business in the Commonwealth of Pennsylvania. However, complete diversity is required between all parties. Therefore the Court focuses its attention on BIR LLP.

#### (i) BIR LLP's Citizenship

A limited liability partnership is a citizen of any state in which any of its partners are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). BIR LLP's partners include several individuals who are citizens of the State of California. *See* Plaintiffs' Declarations (Doc. Nos. 8-2, 8-4) and Defendants' Declaration (Doc. No. 1-4.) Defendants argue that BIR LLP was fraudulently joined for the purposes of destroying diversity jurisdiction and the fraudulent joinder supports removing the action to federal court.

#### (ii) Fraudulent Joinder

Joinder is considered fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). A federal court *must* find a joinder to be proper "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants ..." Macey v. Allstate Property and Cas. Ins. Co., 220 F. Supp.2d 1116, 1117 (N.D. Cal. 2002). Moreover, when a resident defendant opposes remand based on the allegation of a sham joinder, the court may look beyond the pleadings to determine if the joinder is, in fact, a sham. *See* McCabe,

---

[2] The amount in controversy is not in dispute thus the Court does not address it.

4

811 F.2d at1339 (relying in part on Plaintiff's declaration to determine if joinder of a non-diverse defendant was a sham).

Defendants bear the heavy burden of proving "all facts necessary to support jurisdiction" and demonstrating that a non-diverse defendant's joinder is a sham. Macey, 220 F. Supp.2d at 1117 (citing Gaus, *supra*). *See also* Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir. 1990)); Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983), cert. denied, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). In assessing whether joinder is fraudulent, the court must resolve ambiguities in controlling state law, in favor of the non-removing party. Macey, *supra*. Defendants allege that because Plaintiffs did not reference BIR LLP in their initial pleadings, the claim that BIR LLP is liable to pay the unused vacation time must fail. *See* Doc 1-6. However, Plaintiffs state, and the Court considers, their claim against the LLP as pled in the proposed First Amended Complaint and declarations attached to the motion for remand. As the Ninth Circuit highlights, "California has liberal rules on amendment of pleadings and it is very possible that the state court would …grant[ ] plaintiffs leave to amend their complaint, allowing them to address the deficienc[y]" on which Defendants rely. California Dump Truck Owners Ass'n v. Cummins Engine Co.*,* 24 F. App'x 727, 729–30 (9th Cir. 2001).

At the time of trial, Plaintiffs will have the burden of establishing BIR LLP as a dual employer under California law. After propounding discovery, Plaintiffs will have the opportunity to put forth evidence supporting their position that the LLP and the PC have an obligation to pay Plaintiffs for their unused vacation time. However, with regard to removability, Defendants "must … show that the [entity] joined in the action cannot be liable on any theory." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

### (iii)  Dual Employer Doctrine

The California Supreme Court recognized the dual employer doctrine (also referenced as the "joint employer doctrine") in the case of Martinez v. Combs in which the Court ruled that the "definition of 'employer' encompasses 'any person . . . who directly

5

or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person . . . ." Martinez v. Combs, 49 Cal.4th 35, 71 (2010). The key factor in determining whether the dual employer relationship exists is whether two or more employers exercise control over a single employee. Kowalski v. Shell Oil, 23 Cal.3d 168, 176-177. (1979). Whether BIR PC and BIR LLP are dual employers is a factual issue for the trier of fact to determine. Id. at 175. However, this Court must determine if a cause of action under this theory is at least possible.

Plaintiffs contend that both BIR LLP and BIR PC were in control of Plaintiffs' employment in some respect, and that both BIR entities benefited from their professional work as attorneys. Defendant maintains that BIR LLP had a complete lack of control over Plaintiff's wages, hours, and working conditions. However, Plaintiffs rely on a number of cases establishing that California courts have considered more factors than "the exercise of control" when determining whether a dual employer exists. *See* Aleksick v. 7-Eleven, Inc., 205 Cal.App.4th 1176, 1187 (2012) (discussing whether the alleged joint employer has *the right to control* the manner and means of accomplishing the result desired, not necessarily that they have exercised that right to control.); Rivcom Corp. v. Agric. Labor Relations Bd., 34 Cal.3d 743,768-769(1983) (discussing whether the alleged joint employer has a "substantial long-term interest" in the ongoing operations of the business for whom the employee provides services and whether the alleged joint employers operate as a single entity.) Although the employment agreements signed by Plaintiffs were counter-signed by BIR PC, a signed employment agreement is not dispositive under California state law. *See* Doc No. 1-2:18, 28, 38; Kowalski, 23 Cal.3d at 176.

In determining removability, the Court is to consider whether Defendants have put forth clear and convincing evidence the LLP is not a dual employer; whether Defendants established as a matter of law that they (1) did not exercise control of the Plaintiffs, (2) did not have the right to control how goals were reached, (3) did not have "substantial long-term interest in the ongoing operations of the business of the PC and/or (4) do not operate as a single employer. These are all factual questions and Defendants' mere assertion that

6

the LLP did not exercise control of the Plaintiffs, without more, is insufficient to disprove the possibility of liability under the dual employer theory. The Court finds Defendants have not met their burden of establishing by clear and convincing evidence that BIR LLP is a sham defendant. Therefore, Plaintiffs' motion to remand is **GRANTED.**

### B. Defendants' Motions to Dismiss, Stay or Transfer

The Court declines to rule on Defendants' motions to dismiss, stay or transfer. "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999). Given the notice of removal in this case was based solely on diversity of citizenship jurisdiction and the complaint alleges only state law causes of action, the state court is the appropriate forum to litigate the merits of the motions to dismiss. The Court lacks subject matter jurisdiction and therefore **DENIES AS MOOT** Defendants' motions to dismiss, stay or transfer.

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED** and Defendants' motions to dismiss, stay or transfer are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: December 8, 2017

_____
JOHN A. HOUSTON
United States District Judge